IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL VAN DEELEN,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION NO. 20-00239-TFM-B |
| | * |
| **BLOOMBERG, L.P.,** *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendants Bloomberg L.P. ("Bloomberg") and Daniel Gill's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 18), Defendants' Motion to Dismiss and, Alternatively, to Transfer for Improper Venue and Pursuant to the Doctrine of Forum Non Conveniens (Doc. 19), Plaintiff's Response in opposition thereto (Doc. 22), and Defendants' Reply. (Doc. 23). The motions, which have been fully briefed and are ripe for resolution, have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c). Upon consideration of all matters presented, the undersigned **RECOMMENDS**, for the reasons stated herein, that Defendants' Motion to Dismiss for Improper Venue (Doc. 19) be

**GRANTED** and that this action be **DISMISSED**.[1]

## I. Background Facts

Plaintiff Michael Van Deelen ("Van Deelen"), a citizen of Texas, filed this action, *pro se,* on April 24, 2020, against Defendants Bloomberg LP ("Bloomberg") and Daniel Gill ("Gill"). (Doc. 1). On July 3, 2020, Van Deelen filed a First Amended Complaint. (Doc. 13). Upon consideration, the Court ordered Van Deelen to amend his First Amended Complaint for the sole purpose of amending his allegations in ¶¶ 1-4 so as to sufficiently allege the citizenships of the parties for purposes of diversity jurisdiction under § 1332(a). (Doc. 24). On December 3, 2020, Van Deelen filed a Second Amended Complaint, as instructed, addressing only the allegations related to the diversity of the parties.[2] (Doc. 32).

---

[1] Having found that Defendants' Motion to Dismiss for Improper Venue (Doc. 19) is due to be granted, the Court need not address Defendants' remaining pending motions.

[2] Because the Court excused Van Deelen's compliance with the requirement of Civil Local Rule 15 that any amendment to a pleading must reproduce the entire pleading as amended, the Court deems the substantive allegations of the First Amended Complaint to be incorporated into the Second Amended Complaint. In the Court's order dated November 6, 2020, the Court stated: "[i]n this instance only, Plaintiff is relieved from the requirement of S.D. Ala. CivLR 15(a) that '[a]ny amendment to a pleading ... must reproduce the entire pleading as amended ....' See Core Labs, 2018 U.S. Dist. LEXIS 229878 at *10, 2018 WL 9802071 at *4 n.6 (citing S.D. Ala. GenLR 1(d)('Any Judge may, in the interests of justice in a particular case, suspend application and enforcement of any Local Rule or any portion thereof.'). The Court stresses that Plaintiff is not being granted wholesale leave to amend his complaint." (Doc. 24 at 6, n.5). Therefore, the Court's references in this order to the substantive allegations related to Plaintiff's claims
(Continued)

In the Second Amended Complaint, Van Deelen alleges that Defendant Bloomberg LP is a Delaware limited partnership, with its principal place of business in New York, and that it is a citizen of Delaware, New York, New Jersey, and New Mexico by virtue of the citizenship of its members. (Doc. 32, ¶ 1). Van Deelen further alleges that Defendant Bloomberg is a "financial, software, data, and media company" that operates "Bloomberg Law," "a for-profit, subscription-based service that provides online legal content, legal research, proprietary company information and news information to attorneys, law students and other legal professionals and interested persons in Alabama and elsewhere." (Id.). With respect to Defendant Daniel Gill, Van Deelen alleges that Gill is a citizen of Maryland, who works as a reporter in Virginia for Bloomberg Law, and that Gill is the reporter who wrote the false, misleading, and defamatory articles about Van Deelen, made the subject of this litigation.[3] (Id., ¶ 2).

In this case, Van Deelen asserts claims against Defendants Bloomberg and Gill for Defamation (Libel) Per Se (Count One), Defamation (Libel) (Count Two), Coloring in a False Light (False Light Invasion of Privacy) (Count Three), Negligence (Count Four),

---

refer to the paragraph numbers in the First Amended Complaint, which are hereby incorporated in full into the Second Amended Complaint. (Id.).

[3] In his affidavit, Defendant Gill states that the articles were written, edited, and published from his office at Bloomberg Industry Group in Arlington, Virginia. (Doc. 19-1 at 1).

3

and Injunctive Relief (Count Five). (Doc. 13 at ¶¶ 28-49). At this stage of the proceedings, the Court accepts, as it must, the truth of Van Deelen's uncontradicted assertions that Defendants Bloomberg and Gill knowingly, recklessly, negligently, and with actual malice, published two false and defamatory articles about him, the first on March 18, 2020, and the second on March 25, 2020. (Doc. 13, ¶¶ 11-49). The allegedly defamatory content of the articles, as set forth in the First Amended Complaint,[4] relates to Van Deelen's alleged behavior while representing himself as a party in interest in Chapter 11 bankruptcy litigation involving McDermott International in the United States District Court for the Southern District of Texas (hereinafter "the bankruptcy litigation"). (Id., ¶ 14).

As best the Court can discern, Van Deelen had a series of verbal altercations (and one physical altercation) with legal counsel for McDermott during the bankruptcy litigation, which prompted counsel for McDermott to file a motion in that action alleging misconduct by Van Deelen and seeking sanctions. On March 18, 2020, Bloomberg Law published, online, the first of two allegedly defamatory articles written by Defendant Gill, which contained excerpts from, and commentary related to, the McDermott motion. (Id., ¶¶ 14-20). On March 25, 2020, Bloomberg Law published a second article written by Gill "that continued to defame

---

[4] As noted, for purposes of expediency in this case only, the substantive allegations of the First Amended Complaint are deemed incorporated in full into the Second Amended Complaint. (Docs. 13, 32).

4

plaintiff and color the plaintiff in a false light." (Id., ¶ 22). According to Van Deelen, "[t]he most egregious statement in the article implies that plaintiff said during the March 12, 2020, Plan Confirmation Hearing that he was going to shoot someone, either during or after the hearing." (Id.). Van Deelen alleges that the two defamatory articles "are still on the company's website as of the day of filing of the instant action." (Id., ¶ 26).

As noted, *supra*, pending before the Court are Defendants Bloomberg and Gill's motion to dismiss or to transfer this action for improper venue and pursuant to the doctrine of *forum non conveniens,* and motion to dismiss for failure to state a claim upon which relief could be granted. (Docs. 18, 19). These motions have been fully briefed and are now ready for resolution.

For the reasons explained herein, the undersigned finds that venue is improper in this case and **RECOMMENDS** that Defendants' motion to dismiss for improper venue (Doc. 19) be **GRANTED**.

**II. Legal Standard.**

"Federal law defines venue as the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general." Fairstein v. Netflix, Inc., 2020 U.S. Dist. LEXIS 175524, 2020 WL 5701767, *4 (M.D. Fla. Sept. 24, 2020) (quoting 28 U.S.C. § 1390(a))(internal quotation marks omitted). "Venue for a civil action is generally proper only in: (1) a judicial district in which any defendant resides, if all defendants

5

are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Id. (quoting 28 U.S.C. § 1391(b)(1)–(3)) (internal quotation marks omitted). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Id. (quoting 28 U.S.C. § 1406(a)). "If venue is proper in multiple courts, then the case may be transferred to any other district or division where it might have been brought or to any district or division to which all parties have consented, provided the transfer serves the convenience of parties and witnesses and the interest of justice." Id. (quoting 28 U.S.C. § 1404(a) (internal quotation marks omitted).

"In dealing with a motion to dismiss for improper venue, the burden is on the plaintiff to make a facial showing that venue is proper." Id., 2020 U.S. Dist. LEXIS 175524, 2020 WL 5701767 at *5 (citing Delong Equip. Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988)). "The Court must accept the facts

alleged in the complaint as true unless contradicted by affidavits." Id. "Any factual conflicts are, nevertheless, to be resolved in favor of the plaintiff." Id. "The Court need not, however, accept the plaintiff's legal conclusions as true." See Corsi v. Stone, 2020 U.S. Dist. LEXIS 34852, *3, 2020 WL 999053, *1 (D.D.C. Mar. 1, 2020)(citations and internal quotation marks omitted).

"Where a party moves to transfer venue under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient." Fairstein, 2020 U.S. Dist. LEXIS 175524, 2020 WL 5701767 at *5 (quoting In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)(internal quotation marks omitted)). "While a transfer of venue under section 1404(a) is discretionary, a plaintiff's choice of forum should not be disturbed unless clearly outweighed by other considerations." Id. (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996)). "Affidavits may be considered in support of a section 1404(a) motion." Id. (citations omitted).

**III. Analysis.**

As discussed, "[v]enue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Fairstein, 2020 U.S. Dist. LEXIS 175524, 2020 WL 5701767 at *5 (quoting 28 U.S.C. § 1391(b)(2)(internal quotation marks omitted). "In determining where a substantial

7

part of events occurred, courts must focus on the relevant activities of the defendant, not of the plaintiff." Id. (quoting Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003)(internal quotation marks omitted)). Moreover, "only those acts and omissions that have a close nexus to the wrong" are relevant . Id. (quoting Jenkins Brick, 321 F.3d at 1371).

"Defamation occurs wherever the allegedly defamatory remark was published." Id. (quoting Simon v. Shearson Lehman Bros., 895 F.2d 1304, 1311 (11th Cir. 1990)(internal quotation marks omitted)). "This rule makes section 1391(b)(2) particularly difficult to apply to internet defamation cases; if publication is the act with the closest nexus to the wrong, then venue would be proper anywhere in the United States." Id. (citing Capital Corp. Merch. Banking v. Corp. Colocation, Inc., 2008 U.S. Dist. LEXIS 68154, 2008 WL 4058014, *3 (M.D. Fla. Aug. 27, 2008)("[B]ecause the harm from an online defamatory statement can occur in any place where the website or forum is viewed, no one forum should be expected to stand out as a particularly strong candidate for venue."); see also AFC Franchising, LLC v. Practice Velocity, LLC, 2016 U.S. Dist. LEXIS 142439, *6, 2016 WL 6024438, *2 (N.D. Ala. Oct. 14, 2016)("in the age of the internet, it is important to note the harm from an online defamatory statement can occur in any place where the website or forum is viewed.")(citations and internal quotation marks omitted).

Despite the difficulty of applying section 1391(b)(2) to internet defamation cases, courts have stressed that "the purpose of the venue statute [is to] protect[] *defendants* from having to litigate in jurisdictions far from where they reside or where the underlying conduct occurred," which is why "courts often focus on the relevant activities of the defendant . . . in determining where a substantial part of the underlying events occurred." Corsi v. Stone, 2020 U.S. Dist. LEXIS 34852, *6, 2020 WL 999053, *2 (D.D.C. Mar. 1, 2020)(emphasis in original)(citations and internal quotation marks omitted). In the context of online defamation cases, district courts in this circuit have held that venue under section 1391(b)(2) is proper "where the writing occurred" and "in the district where the injured party resides and the defamatory statements were published." AFC Franchising, 2016 U.S. Dist. LEXIS 142439 at *6, 2016 WL 6024438 at *2 (the events giving rise to Plaintiff's claim were Defendants' "alleged authorship of a libelous article" and "publication of that article on the internet;" thus, venue was proper in Illinois "where the writing occurred" and in the Northern District of Alabama "where the injured party reside[d] and the defamatory statements were published.")(quoting Capital Corp., 2020 WL 5701767, 2008 WL 4058014 at *3 (M.D. Fla. Aug. 27, 2008)(internal quotation marks omitted); see also Eakin v. Rosen, 2015 U.S. Dist. LEXIS 166405, *18, 2015 WL 8757062, *6 (S.D. Ga. Dec. 11, 2015)(venue may also

9

lie in a district in which the plaintiff does not reside if the plaintiff has suffered economic or reputational injury in the district and publication has occurred in the district).[5]

In the instant case, the events giving rise to Van Deelen's claims are Defendant Gill's alleged authorship of two defamatory articles (from his office in Virginia) about Plaintiff (a teacher who lives and works in Texas), and Bloomberg's publication of those articles on the internet (from its headquarters in Virginia). Therefore, venue is at least proper in Virginia, "where the writing occurred" and was published onto the internet, and in Texas, where Plaintiff resides, works, and alleges that he suffered reputational harm. (Doc. 13 at ¶¶ 3, 24; Doc. 19-1 at 1; Doc. 22 at 46).

However, venue is not proper in this district where there are no allegations that a substantial part of the events or omissions giving rise to Van Deelen's claims occurred. See 28 U.S.C. § 1391(b)(2). Indeed, Van Deelen has alleged only that the

---

[5] The court in Eakin relied on the fact that the district in which the plaintiff resided and the district in which the plaintiff filed suit were "roughly 122 miles apart, suggesting that this close proximity supports a finding that the harm to [plaintiff's] reputation was not confined to the Middle District of Georgia but rather extended to [the Southern] District as well." Eakin, 2015 U.S. Dist. LEXIS 166405, *13. In the present case, there can be no suggestion that the proximity between Plaintiff's residence in Spring, Texas, and this district would support a finding that any harm to his reputation necessarily extended to this district.

defamatory articles were published on the internet and, thus, could have been accessed by anyone subscribing to the publication in this district (or any other district in the United States). Van Deelen has neither alleged nor established that that he suffered any economic or reputational harm in this district or that any other conduct occurred in Alabama. To the contrary, Van Deelen alleges that he chose this district because the law is more favorable to him in the State of Alabama than it is in Texas, Virginia, or New York and that Alabama (and ostensibly this district) is "half way" between his home in Spring, Texas, and the Defendants' locations in Virginia and New York and, thus, is more manageable for him for travel.[6] (Doc. 13 ¶¶, 5-10). Such allegations are insufficient to establish venue in this district. Indeed, even assuming some *de minimis* reputational harm in this district by virtue of the publication of the articles on the internet, it can hardly be said that "a substantial part of the events or omissions giving rise to the claim" happened here. Accordingly, the Court finds that venue is improper in this

---

[6] The only allegations in the First Amended Complaint having any relation to the State of Alabama are Van Deelen's assertions that Bloomberg published the defamatory articles online; subscriptions to Bloomberg's articles are sold to Alabama residents who can view them over the internet; Alabama law is more favorable to Van Deelen than Texas, Virginia, or New York law; and traveling to Virginia or New York courts would be prohibitively expensive for Van Deelen, who is retired, but litigating "half way" in Alabama would be manageable for him. (Doc. 13 ¶¶, 5-10; Doc. 22 at 46).

district.  Cf. Corsi, 2020 U.S. Dist. LEXIS 34852, *4, 2020 WL 999053, *2 (D.D.C. Mar. 1, 2020)(venue in the D.C. district was improper where the defamatory statements were made and posted on the internet by the defendant in Florida, to a website operated in Texas, and the plaintiff lived and worked in New Jersey).

In sum, this case involves allegations by a Texas citizen (Van Deelen) that a reporter (Defendant Gill) working in his office in Virginia wrote defamatory articles about Plaintiff depicting events that occurred in Texas, which were published by an online media company (Defendant Bloomberg) whose principal place of business is in New York.  (Doc. 13).  Remarkably, none of these alleged facts has any relationship to the State of Alabama or, more particularly, this district.  Thus, for the reasons explained, the Court finds that venue is improper in this district.

Having so found, it appears that venue would be proper in the Eastern District of Virginia and in the Southern District of Texas, where "a substantial part of the events or omissions giving rise to the claim occurred."  See 28 U.S.C. §§ 1391(b)(2).  Defendants have requested that this case be transferred to the Eastern District of Virginia.  However, significantly, Van Deelen opposes the transfer of this action to any other court.[7]  Because Van Deelen

---

[7] The Court notes that Plaintiff has not asked that the case be transferred to Texas or Virginia and has expressly stated that he does not want this action to be transferred to Texas, Virginia, or New York.  (Doc. 22 at 23, 27, 30, 36).  Moreover, he insists that he be allowed to choose the forum in which he proceeds.  (Id. at 24).

12

opposes transfer to either of the two district courts in which venue would be proper, the Court declines to address which of those courts would be the most convenient under 28 U.S.C. § 1404(a). Instead, the Court recommends that this action be dismissed for improper venue, so that Van Deelen may refile his action in the Court of his choosing.[8] Cf. Contour Prod., Inc. v. Albecker, 2009 U.S. Dist. LEXIS 134028, *15, 2009 WL 10646653, *5 (S.D. Fla. June 2, 2009)(finding it unnecessary to address the *forum non conveniens* arguments of the Defendant and holding, instead, that where the court lacked personal jurisdiction, and Plaintiff opposed transfer, the Court should simply dismiss the action); Wilke v. Tallahassee Mem'l Health Care, 2018 U.S. Dist. LEXIS 176819, *24, 2018 WL 6184784, *10 (M.D. Ala. Sept. 11, 2018), *report and recommendation adopted as modified*, 2018 WL 4943882 (M.D. Ala. Oct. 12, 2018)("the decision whether to transfer a case ... pursuant to ... § 1406[ ] is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion[;]. . . "Under the circumstances of this case – including . . . plaintiff's failure to identify an alternative venue to the Middle District of Alabama, . . . the court finds that transfer to the Northern or Southern District of Florida is not in the interest of justice[,] [and that] [d]ismissal is the appropriate course of action.")(citations omitted).

---

[8] Because Van Deelen's action was filed on April 24, 2020, and arise out of events that occurred in March 2020, it does not appear that his claims would be time-barred if he chooses to refile his action in another court.

Accordingly, based on the foregoing, the Court **RECOMMENDS** that Defendants' motion to dismiss (Doc. 19) be **GRANTED** on the basis of improper venue and that this action be **DISMISSED without prejudice**.

## III. Conclusion

For the reasons discussed herein, the undersigned hereby **RECOMMENDS** that Defendants' Motion to Dismiss for Improper Venue (Doc. 19) is due to be **GRANTED,** and this action is due to be **DISMISSED, without prejudice,** so that Plaintiff may refile his action in the appropriate forum of his choosing.[9]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

---

[9] Having found that Defendants' Motion to Dismiss for Improper Venue is due to be granted (Doc. 19), Defendants' remaining pending motion (Doc. 18) is due to be denied as moot.

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **8th** day of **January, 2021.**

                                          **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**